IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV101-1-MU

ANTHONY TRUSELL,            )
                            )
            Plaintiff,      )
                            )
      v.                    )        **O R D E R**
                            )
STEVE BAILEY, et al.,       )
                            )
            Defendants.     )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed August 19, 2009.

In his § 1983[1] Complaint Plaintiff raises claims of excessive force and deliberate indifference to a serious medical need. Plaintiff names as defendants, Steve Bailey, the Western Region Director of North Carolina, Keith Whitener, the Prison Administrator of Alexander Correctional Institute ("Alexander"), Carlos Hernandez, the Assistant Superintendent of Alexander, Darrin Bruce, a correctional officer, Lloyd Hames, a correctional officer, Katheryn Johnson, a correctional officer, Brian McKinney, a correctional officer, Rosamuel Dawkins, a prison doctor, and Ms. Evans, a nurse.

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). A review of Plaintiff's

---

[1] In order to state a claim under § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

Complaint reveals that Plaintiff does not allege any personal conduct by Defendants Bailey, Whitener, or Hernandez.[2] Nor does Plaintiff allege that others acted pursuant to the policy or custom of these Defendants. Consequently, Defendants Bailey, Whitener, and Hernandez are dismissed from this case.

Plaintiff alleges that Defendant Hames ordered Defendant Johnson to spray him with pepper spray when she reported his alleged misbehavior to Defendant Hames over the phone.[3] Such an allegation does not state a constitutional violation and therefore Plaintiff has failed to state a claim. Plaintiff also alleges that after the incident Defendant Hames verbally threatened him. Likewise, verbal abuse, without more, does not violate a prisoner's constitutional rights. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(verbal abuse by a prison guard does not give rise to a cause of action under § 1983); Morrison v. Martin, 755 F. Supp. 683,687 (E.D.N.C.), aff'd 917 F.2d 1302 (4th Cir. 1990)(subjection of a prisoner to verbal abuse or profanity does not rise to the level of a constitutional violation). Consequently, Defendant Hames is dismissed from this case.

Plaintiff alleges that Defendant Bruce, a captain at Alexander, violated his constitutional rights when he failed to check the van for spit when Plaintiff, Defendant Johnson, and Defendant McKinney returned from the doctor's office. Plaintiff's allegation does not state a constitutional claim against Defendant Bruce and he is dismissed from this matter.

Plaintiff also alleges that Defendant Evans, a prison nurse, violated his constitutional rights when, based upon a correctional officer's report, she wrote him up for failing to sign the consent

---

[2] Merely writing a letter addressed to an administrator is insufficient to render the administrator liable.

[3] According to the incident report Defendant Johnson reported that Plaintiff was swearing, spitting at her, and threatening her.

form at the doctor's office. Plaintiff alleges that Defendant Evans should have interviewed him before writing him up. Again, Plaintiff's allegation does not state a constitutional claim and Defendant Evans is dismissed from this matter.

Plaintiff also alleges that Defendant Dawkins, a prison doctor, violated his constitutional rights when he came to speak to him in his cell and belligerently questioned him regarding his alleged refusal to sign the consent form which resulted in Plaintiff not having the colonoscopy. Plaintiff also alleges that a week later Defendant Dawkins made a "vague gesture of checking on Plaintiff." Plaintiff's vague, non-specific allegations are insufficient to establish a claim of deliberate indifference to a serious medical need by Defendant Dawkins and he is dismissed from this matter.

After a careful review of the record, the Court finds that Defendants Johnson and McKinney should file an answer detailing Plaintiff's allegations and responding to each.

**IT IS THEREFORE ORDERED THAT**:

1. Defendants Bailey, Whitener, Hernandez, Hames, Bruce, Dawkins, and Evans are **DISMISSED** from this lawsuit; and

2. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process on Defendants Johnson and McKinney without additional cost.

Signed: September 1, 2009

Graham C. Mullen
United States District Judge